**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3659
_____

JONATHAN K. BANKS,
                                        Appellant

v.

JAMES OWENS, III, BADGE #0701; MEGHAN BACHMAN;
KENNETH D. KLEINMAN; RICHARD D. RABENA; FRANKLIN INSTITUTE;
ADA ALLISON BORGATTI; ADA ERIN O'BRIEN; ADA ERIKA L. WEVODAU;
THE CITY OF PHILADELPHIA; DONALD O'HARA, JR., BADGE #0308;
GEOFFREY KILROY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05423)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2019
Before:  GREENAWAY, Jr., RESTREPO, and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 13, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Jonathan K. Banks appeals the District Court's dismissal of his third amended complaint for failure to state a claim. For the following reasons, we will affirm.[1]

Banks filed this action primarily pursuant to 42 U.S.C. § 1983, asserting claims of malicious prosecution and conspiracy, among others.[2] His claims stemmed from a criminal trial in which he was charged with stalking and harassment, but for which he was ultimately acquitted. He named eleven defendants who were involved with his previous criminal trial in some capacity: James Owens, III, a detective in the Special Victims Unit of the Philadelphia Police Department; Donald O'Hara, Jr., a sergeant in the Philadelphia Police Department; Assistant District Attorneys ("ADA") Allison Borgatti, Erin O'Brien, and Erika Wevodau; the City of Philadelphia; Geoffrey Kilroy, the public defender who represented Banks at his criminal trial; the Franklin Institute; Meghan Bachman, the alleged recipient of Banks's stalking and an employee of the Franklin Institute; Richard D. Rabena, the Vice President of Operations and Capital Projects for the Franklin Institute; and Kenneth D. Kleinman, advisory counsel for the Franklin Institute (collectively, "Appellees").

Banks was employed as a bus driver in Philadelphia and began to notice Bachman

---

[1] We also grant Banks's motion for leave to proceed on the original record and deny his motion for leave to file a supplemental appendix as unnecessary. We deny all of Banks's motions to take judicial notice, and also deny his motion for oral argument. We grant Banks's motion (filed Dec. 3, 2019) for leave to exceed the word and page limitations, but we deny his motion for immediate appeal conferences under Fed. R. App. P. 33.

[2] Banks also referenced 42 U.S.C. §§ 1985(3) and 1988, as well as 18 U.S.C. §§ 241 and 242, and raised some state law claims.

while driving his bus route, which took him near the Franklin Institute where Bachman worked. After observing Bachman "for almost a year," Banks initiated contact with her on July 27, 2015, by waiting for Bachman to exit the Franklin Institute. He described this first meeting as follows:

> When Ms. Bachman crossed [the] Street, I approached her, and introduced myself. I told her my name was Jonathan, and extended my hand to shake her hand. We shook hands. I then asked her what was her name, and she asked why. . . . I then said to her just a moment, and pulled out my cell phone that I had set to the Franklin Institute's website. I then scrolled down to a photograph, I believed was Ms. Bachman, and asked her was that her. She said yes. I then asked her when did she cut her hair because the photograph of the person resembling her had long hair and the photo wasn't completely clear. . .

Third Am. Compl. ¶ 32. Banks waited for Bachman outside the Franklin Institute on two other occasions, on August 26, 2015, and October 13, 2015, initiating contact with Bachman in a similar manner. Banks also sent Bachman five emails between September 29, 2015, and October 12, 2015, wherein he expressed his affection for Bachman and articulated his hopes to be closer to her. In one email, Banks attached a photograph he had taken of a home in the neighborhood where he believed Bachman lived.

Bachman contacted the police after some research revealed that Banks was a registered sex offender. Detective Owens investigated and prepared an affidavit of probable cause, an application for an arrest warrant, and an investigation report with help from ADA O'Brien. Sergeant O'Hara reviewed and approved the investigation report; ADA Borgatti reviewed and approved the affidavit and warrant application. The affidavit included details of Banks's contact with Bachman, outlined briefly above. Based on the affidavit, a magistrate judge issued a warrant to arrest Banks on charges of

3

stalking and harassment.  On October 19, 2015, Banks was arrested, but he was ultimately acquitted of both charges on December 3, 2015.

Banks initiated this action on December 4, 2017, and ultimately submitted the operative third amended complaint on May 18, 2018.  The Appellees moved to dismiss for failure to state a claim under Rule 12(b)(6); the District Court granted their motions and dismissed the case.  Banks timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the grant of the motions to dismiss pursuant to Rule 12(b)(6) de novo.[3]  Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).  "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff.  Id.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010).

On appeal, Banks asserts that the District Court incorrectly decided: (1) his § 1983

---

[3] In Banks's brief on appeal, he states that the District Court's dismissal was pursuant to Rule 56(a), and continuously cites the summary judgment standard.  This is incorrect; the District Court dismissed Banks's case pursuant to Rule 12(b)(6) for failure to state a claim.

4

claim of malicious prosecution in violation of the Fourth and Fourteenth Amendments against Detective Owens; (2) his § 1983 claim for civil and criminal conspiracy to engage in malicious prosecution against Detective Owens; ADAs Borgatti, Wevodau, and O'Brien; public defender Kilroy, and Franklin Institute employees Kleinman and Rabena; (3) his § 1983 municipal liability claim against the City of Philadelphia for failure to provide a copy of the charging document and probable cause affidavit at Banks's preliminary hearing; (4) his § 1983 claim against Sergeant O'Hara for supervisory liability of Detective Owens; and (5) his argument that several of the defendants can be held liable under § 1983 for various claims. Banks's malicious prosecution claim hinges on his contention that probable cause did not exist to charge him with the crimes of stalking and harassment, of which he was ultimately acquitted. Banks also notes that the lack of probable cause issue is "the essential element that once establish[ed,] makes all [of his] other claims viable." Appellant's Br. 7. We generally agree with Banks's assessment. His claim for conspiracy, his attempt to impose supervisory liability, and his allegations against private parties all depend on the malicious prosecution claim establishing a constitutional violation in order to be viable.[4] In other words, if Banks's

---

[4] See Lacey v. Maricopa County, 693 F.3d 896, 935 (9th Cir. 2012) ("Conspiracy is not itself a constitutional tort under § 1983."); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (noting "any claim that supervisors directed others to violate constitutional rights necessarily includes as an element *an actual violation* at the hands of subordinates" (emphasis added)); Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) (noting "[t]he color of state law element is a threshold issue" and thus there is no liability under § 1983 if the defendant is not acting under color of state law); see also Lacey, 693 F.3d at 935 (noting conspiracy "in § 1983 actions is usually alleged by plaintiffs to draw in private parties who would otherwise not be susceptible to a § 1983 action because of the state action doctrine").

5

malicious prosecution claim fails, then he cannot maintain these claims. Accordingly, we address the malicious prosecution claim first.

In order to prove malicious prosecution under § 1983, Banks must show that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in [Banks]'s favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing [Banks] to justice; and (5) [Banks] suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009). "Probable cause exists if the facts and circumstances within [the Officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that a crime had been committed." Zimmerman v. Corbett, 873 F.3d 414, 418 (3d Cir. 2017) (alteration in original) (internal quotation marks omitted), cert. denied, 138 S. Ct. 2623 (2018). While probable cause requires more than mere suspicion, it does not require an officer to have the same type of evidence that would be needed to support a conviction, i.e., proof of guilt beyond a reasonable doubt. Id.

Upon review of the record, we agree with the District Court that probable cause existed here. Banks observed Bachman for almost a year before interacting with her. He waited outside of the Franklin Institute on three separate occasions with the purpose of interacting with Bachman;[5] during their first encounter, he knew Bachman's name and

---

[5] During one of these occasions, Banks asked Bachman about an ankle brace she had

6

had her work profile available on his phone; he found Bachman's email addresses and sent multiple unsolicited emails, expressing his affection for her and his desires to pursue a relationship with her and, in one email, he attached a photograph of a home in a neighborhood where he believed Bachman lived.  Detective Owens considered all of this information, and we agree with the District Court that it is sufficient to form a reasonable belief that Banks was stalking[6] and harassing[7] Bachman.[8]  See Zimmerman, 873 F.3d at 418.  Consequently, Banks's claim for malicious prosecution fails.

Because Banks's § 1983 claim for malicious prosecution fails, his other claims as

---

been wearing previously.  Bachman told Detective Owens that this "scared her" because she had not worn that ankle brace for several months, which made her worry about how long Banks had been watching and/or following her.

[6] See 18 Pa. Stat. and Cons. Stat. Ann. § 2709.1(a)(1).

[7] See 18 Pa. Stat. and Cons. Stat. Ann. § 2709(a)(4).

[8] On appeal, Banks contends that the affidavit of probable cause is comprised of "false statements, omissions, distortions[,] and inadmissible evidence."  Appellant's Br. 17.  For example, he contends that Detective Owens omitted a statement from Bachman, where she allegedly told Banks during one of their unwanted encounters that: "Maybe we can be friends.  I will wave to you if I ever see you."  Taking Banks's factual allegations as true, these statements, or any of the other alleged inaccuracies detailed in his brief, were not so material that they would have negated the finding of probable cause.  See Dempsey v. Bucknell Univ., 834 F.3d 457, 468–69 (3d Cir. 2016) (noting when alleging an officer created an inaccurate affidavit of probable cause, a plaintiff must make two showings: "first, that the officer, with at least a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant, and second, that those assertions or omissions were material, or necessary, to the finding of probable cause" (internal quotation marks omitted)).  Moreover, "given the uncontested facts, while [Banks's] arguments may well have been sufficient to raise a reasonable doubt that . . . resulted in [his] acquittal at trial, they do not negate the fact that [Owens] had probable cause[.]"  Zimmerman, 873 F.3d at 419.

7

noted above also fail.  The District Court methodically detailed the cascading effect the failure of establishing the malicious prosecution claim had on those remaining claims, and we need not repeat its thorough analysis.  The only other claim that could be viable by itself is Banks's § 1983 municipal liability claim against the City of Philadelphia for depriving individuals of arrest warrant information.  However, Banks sets forth no meaningful challenge to the District Court's ruling regarding this claim on appeal,[9] and our review of the record leads us to the same conclusion as the District Court.  Consequently, we see no need to disturb the District Court's ruling and decline to merely retread here what the District Court's opinion already thoroughly addressed.

For all of the foregoing reasons, we will affirm the District Court's judgment.

---

[9] Initially, Banks appears to concede that he did not adequately allege that the City of Philadelphia had a policy or custom to deprive individuals of arrest warrant information. See Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (noting how a municipality may be held liable under § 1983).  However, he then recounts a story about an unnamed individual who also allegedly did not receive the same documents Banks alleges that he was not provided, and then concludes that "logic dictates" this anecdote serves as proof of his allegations.